UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RUSSEL WASHINGTON, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. G-12-41 |
| § | |
| LA MARQUE ISD, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

**I.**

Before the Court is the defendants the La Marque Independent School District and La Marque Independent School District Board of Trustee's ("LMISD") motion to dismiss the plaintiff Russel E. Washington's suit against it, pursuant to Federal Rules of Civil Procedure, Rules 126(b)(1) and 12(b)(6) (Doc. No. 4). Also before the Court is the plaintiff's response (Doc. No. 7). The Court has reviewed the motion, the plaintiff's pleadings and response to LMISD's motion and determines that the LMISD's motion should be denied.

**II.**

Until March of 2010, the plaintiff had served LMISD as a "beat cop" and finally as police chief at the time he was terminated. At that time of the plaintiff's suit, he was in the middle of a two-year contract that continued his employment to and/or through school year 2011. In March of 2010, the Board of Trustees for LMISD met to consider whether to terminate the plaintiff's contract of employment with the District.

In September of 2009, a Galveston County grand jury indicted the plaintiff for providing false or incorrect information on a certificate of title for a motor vehicle. The March 2010 meeting was scheduled to address the indictment and how that event impacted the plaintiff's and

LMISD's relationship. However, the Board voted to terminate the plaintiff's employment due to the pending indictment. On April 22, the Board held a post-termination hearing to consider the plaintiff's challenge to his dismissal. Both the plaintiff and members of the District's administration were permitted to address their respective concerns. At the conclusion of the hearing, a motion was made and seconded to overturn the Board's earlier decision to terminate the plaintiff. The motion failed.

Thereafter, the plaintiff filed suit in state court alleging that he was not afforded procedural "due process" at the March 25 meeting when he was terminated, or at the April 22 meeting when he did, in fact, speak to the Board.

### III.

LMISD asserts that the plaintiff's "due process" claim, under the Fourteenth Amendment, is fatally flawed because: (a) the plaintiff cannot sue LMISD directly under the federal Constitution; (b) the plaintiff's pre-termination procedural "due process" claims are barred: (1) by the Parratt/Hudson doctrine; and (2) because he was provided all the due process he was due; (c) he failed to avail himself of the procedural protections afforded by state law; and (d) the plaintiff fails to plead a viable claim under the Texas Open Meetings Act, as a matter of law.

The plaintiff, in response, asserts that by his amended pleading, LMISD's first two points are rendered moot. The plaintiff goes on to assert that: (a) the plaintiff's "due process" claim is not barred by the Parratt/Hudson doctrine; (b) the plaintiff did not receive all the process he was due at either the March or April meetings; (c) Title 42 U.S.C. § 1983 does not require exhaustion of administrative remedies; and (d) the plaintiff was not given sufficient notice, by the posted notice, pursuant to the Open Meetings Act.

## IV.

Title 42 U.S.C. § 1983 permits a citizen to bring a suit against any person acting under "color of law" who allegedly deprives that citizen of rights or privileges granted under the federal Constitution. *See Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658 (1978). Local government bodies such as cities, counties and school districts are persons for purposes of enforcing the federal Constitution. *Id*. at 690.

Where the plaintiff's claim is that he has been deprived of a property right that arises out of a contract of employment, due process dictates that notice and an opportunity to be heard is afforded the employee. The Court is of the opinion that substantial disputed factual issues are yet present and that a property right is presented; therefore, to parse the plaintiff's claims at this juncture would not resolve the case or promote efficiency in the administration of justice.

Therefore, the Court is of the opinion that the defendant's motion to dismiss overlooks the fact that the plaintiff's pleadings alone are sufficient to overcome the defendant's motion to dismiss. The motion is DENIED.

It is so ORDERED.

SIGNED at Houston, Texas this 18th day of April, 2012.

Kenneth M. Hoyt
United States District Judge